UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12643-GAO

ELIZABETH TREMBLAY-REGO, ESTATE OF LOUISE A. TREMBLAY, HUMMINGBIRD
REALTY TRUST, and BY THE SEA REALTY TRUST,
Plaintiffs,

v.

WELLS FARGO BANK, N.A. and FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Defendants.

OPINION AND ORDER
November 7, 2014

O'TOOLE, D.J.

This case arises out of a reverse mortgage between defendant Wells Fargo Bank, N.A. and the late Louise A. Tremblay. This Court previously dismissed a prior similar action brought by the plaintiff Elizabeth Tremblay-Rego, the daughter of Louise Tremblay, for the reason that she lacked standing to pursue the asserted claims. Tremblay-Rego v. Wells Fargo Bank, N.A., No. 12-cv-11093-GAO (D. Mass. Aug. 13, 2013). In this case, Tremblay-Rego tries again, this time including three additional plaintiffs – the Estate of Louise A. Tremblay, Hummingbird Realty Trust, and By The Sea Realty Trust – and an additional defendant, Federal National Mortgage Association. The Amended Complaint again seeks a declaratory judgment and adds a claim for slander of title. Both defendants moved to dismiss the complaint for lack of standing and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

First, the various plaintiffs' standing. Tremblay-Rego's standing as an individual was rejected in the prior case. Apart from identifying Hummingbird Realty Trust and By the Sea Realty Trust as plaintiffs, the Amended Complaint alleges no facts to show how either has a

prosecutable claim against either defendant. Moreover, the plaintiffs' opposition to the defendants' motions to dismiss does not even mention the trusts, let alone address the defendants' argument that the trusts lack standing to bring a claim.

That leaves the Estate of Louise A. Tremblay. It is well established that a "decedent's estate is not a legal entity. Rights of action against the estates of deceased persons can be asserted only against the individual or individuals administering the estate." See Crowe v. Di Manno, 225 F.2d 652, 653 (1st Cir. 1955); Jonzun v. Estate of Jackson, No. 12-cv-12019-DJC, 2014 WL 1214511, at *1 (D. Mass. Mar. 24, 2014). Similarly, legal claims on behalf of the estate are prosecuted by the estate's personal representative. See Mass. Gen. Laws ch. 190B, §3-601 et seq.; id., § 3-703(c); see also 21 Mass. Prac., Probate Law and Practice § 29.1 (2d ed.) (the "executor or administrator possess[es] the cause of action being asserted."). The Amended Complaint names only the Estate of Louise Tremblay itself as a plaintiff, rather than any personal representative. Thus pled, the claim is not maintainable.

Since the Amended Complaint fails to allege that any of the named plaintiffs has a claim against the defendants, the Motions to Dismiss (dkt. nos. 18 and 20) are GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge